**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA

v.

JAYSON SETERA

CR. NO. 25-802 (JKS)

# MEMORANDUM IN SUPPORT OF DEFENDANT JAYSON SETERA'S MOTIONS IN LIMINE

**MURPHY ORLANDO LLC**
Tyler Newman, Esq.
494 Broad Street; 5th Floor
Newark, NJ 07102
201.451.5000
tnewman@murphyorlando.com
*Attorneys for Jayson Setera*

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………... i

TABLE OF AUTHORITIES…………………………………………………………… .ii

LEGAL ARGUMENT

POINT I …………………………………………………………………………………1
THE GOVERNMENT MUST AUTHENTICATE THE IDENTITY OF PARTICIPANTS IN RECORDED PHONE CONVERSATIONS BEFORE THOSE RECORDINGS CAN BE PLAYED TO THE JURY.

POINT II. ………………………………………………………………………….2
THE TESTIMONY OF THE GOVERNMENT'S INTERSTATE NEXUS EXPERT WITNESS SHOULD BE LIMITED AND A RULE 104 HEARING SHOULD BE CONDUCTED TO ENSURE THAT THE EXPERT DOES NOT INTEND TO TESTIFY TO MENTAL STATE OR GUILT AND THAT THE TESTIMONY DOES NOT VENTURE INTO AN AREA IN WHICH THE JURY NEEDS NO ILLUMINATION.

POINT III ………………………………………………………………………......3
IF AN IN-COURT IDENTIFICATION IS MADE, THEN THE JURY SHOULD BE INSTRUCTED AND EDUCATED CONCERNING THE SUGGESTIVENESS OF SUCH IDENTIFICATIONS.

POINT IV ………………………………………………………………………..…4
DEFENDANT RESERVES HIS RIGHT TO FILE ADDITIONAL MOTIONS IN LIMINE.

## TABLE OF AUTHORITIES

### Cases

Crowley v. Chait, 322 F.Supp.2d 530 (D.N.J. 2004) ........................................................ 2
Krys v. Aaron, 112 F.Supp.3d 181 (D.N.J. 2015)................................................................. 2
State v. Sowell, 213 N.J. 89 (2013)........................................................................................ 2
United States v. Dozier, 572 F. App'x 156 (3d Cir. 2014) ................................................. 3
United States v. Maury, 695 F.3d 227 (3d Cir.2012)......................................................... 3
United States v. Peterson, 622 F.3d 196 (3d Cir. 2010)..................................................... 3
United States v. Watson, 260 F.3d 301 (3d. Cir. 2001) ..................................................... 2

### Other Authorities

Fed. R. Evid. 104.......................................................................... *passim*
Fed. R. Evid. 403.......................................................................... 3
Fed. R. Evid. 704 ......................................................................... 2
Fed. R. Evid. 901 ......................................................................... 1

This firm represents Defendant Jayson Setera ("Defendant") pursuant to the Criminal Justice Act. Pursuant to the Scheduling Order, below are Mr. Setera's *in limine* Motions. Please note that each point below is a separate motion.

**POINT I**

**THE GOVERNMENT MUST AUTHENTICATE THE IDENTITY OF PARTICIPANTS IN TEXT MESSAGE CONVERSATIONS BEFORE THOSE MESSAGES CAN BE SHOWN TO THE JURY.**

The Government's Exhibit List will likely contain certain text and/or WhatsApp conversations obtained by way of subpoenas. Federal Rule of Evidence 901 sets forth how certain evidence and the identities of participants in evidence, like phone calls, are authenticated. Fed. R. Evid. 901. Here, ensuring that the identities of participants is properly authenticated is particularly important since electronic devices, messaging applications, etc., which the Government will likely attribute to the Defendant could have been utilized by other individuals. Accordingly, the Defendant requests that the identity of participants in any text and/or WhatsApp message conversations be authenticated before such evidence is presented before the jury.[1]

[1] Just to be clear, this motion is not meant to attack the authenticity of the evidence itself, rather, this motion is focused on the authenticity of the identities of the participants on any text and/or WhatsApp messaging conversations.

## POINT II

**THE TESTIMONY OF THE GOVERNMENT'S EXPERT WITNESS, IF ANY, SHOULD BE LIMITED AND A RULE 104 HEARING SHOULD BE CONDUCTED TO ENSURE THAT THE EXPERT DOES NOT INTEND TO TESTIFY TO MENTAL STATE OR GUILT AND THAT THE TESTIMONY DOES NOT VENTURE INTO AN AREA IN WHICH THE JURY NEEDS NO ILLUMINATION.**

In its pretrial disclosure of witnesses, the Government does not list any proposed expert witnesses. However, out of an abundance of caution, the Defendant files the forthcoming In Limine Motion in the event any expert witnesses are disclosed ahead of the March 9, 2026, trial date. To that end, courts in this Circuit have made clear that expert testimony should be limited in the following ways:

- The Government's expert "must not state an opinion as whether the defendant did or did not have the mental state or condition that constitutes an element of the crime charged or of a defense. Those are for the trier of fact alone." Fed. R. Evid. 704(b). This includes the Government avoiding questions that are designed to elicit the expert's testimony as to the defendant's mental state, directly referring to the defendant's intent or mens rea, and not presenting testimony that the defendant did or did not possess the requisite mens rea. United States v. Watson, 260 F.3d 301, 309 (3d. Cir. 2001); Rule 704(b).
- Similarly, the Government's expert's testimony must refrain from summarizing straightforward but disputed evidence in the form of hypotheticals and providing or eliciting the expert's opinion on what happened. See e.g. State v. Sowell, 213 N.J. 89, 102 (2013). Such testimony improperly bolsters the Government's proofs with expert testimony and usurps the jury's responsibility to find the facts that it is fully able to sort out without expert assistance. Id.
- The Government's expert may not opine directly about Defendant's guilt or innocence. See e.g. State v. Sowell, 213 N.J. 89, 103 (2013).
- The Government's expert may not testify as to questions of law or state ultimate legal conclusions, particularly with respect to whether the defendant violated and/or complied with the law. Krys v. Aaron, 112 F.Supp.3d 181, 190 (D.N.J. 2015).
- The Government's expert may not opine on the credibility or consistency of another witness or party by substituting his judgement for the jury's. Crowley v. Chait, 322 F.Supp.2d 530, 553-54 (D.N.J. 2004).

Given the above, in the event the Government discloses any expert witnesses ahead of the trial date, Defendant requests a Rule 104 hearing to preview the testimony of the Government's

prospective expert witness(es) to ensure that it fits within the aforementioned parameters of acceptable expert testimony, especially regarding any improper testimony concerning the Defendant's mental state, knowledge, or what the Defendant knew or should have known. This is necessary because if any expert witness testimony falls outside of the guidelines of acceptable expert testimony, it will have to be stricken, and if defense counsel is left to repeatedly object to such testimony in the presence of the jury, the probative value of any such expert testimony will be substantially outweighed by the potential for unfair prejudice. Fed. R. Evid. 403.

**POINT III**

**IF AN IN-COURT IDENTIFICATION IS MADE, THEN THE JURY SHOULD BE INSTRUCTED AND EDUCATED CONCERNING THE SUGGESTIVENESS OF SUCH IDENTIFICATIONS.**

If an in-court identification occurs, Defendant requests that the Court instruct the jury in a manner consistent with the model jury instruction provided by the Third Circuit, incorporating certain aspects of the New Jersey State jury instruction on in-court identifications. These jury instructions are enclosed, respectively, as Exhibits A and B. See United States v. Dozier, 572 F. App'x 156, 160 (3d Cir. 2014) (citing United States v. Maury, 695 F.3d 227, 261 (3d Cir.2012)) ("We offer trial courts the flexibility to set forth jury instructions as they see fit, provided that they do not misstate the law and adequately submit the issues to the jury."); United States v. Peterson, 622 F.3d 196, 203 (3d Cir. 2010)(holding that trial courts have "broad discretion" regarding jury instructions "so long as the court's instructions 'fairly and adequately submit the issues in the case to the jury.'").

**POINT IV**

**DEFENDANT RESERVES HIS RIGHT TO FILE ADDITIONAL MOTIONS IN LIMINE.**

Defendant continues to prepare for trial and will review the Government's exhibit list upon receipt of same and continues to review recently produced discovery items. If upon the continuing review of the trial exhibits and other materials and/or receipt of materials prior to trial, Defendant determines additional *in limine* motions are warranted, he reserves the right to file such motions.

Respectfully Submitted

***MURPHY ORLANDO LLC***

By:_________________________
Tyler Newman, Esq.
*Attorneys for Jayson Setera*