**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey

*Robert L. Toll*
*Matthew Specht*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*robert.toll@usdoj.gov*

*main: (973) 645-2700*
*direct:(973) 645-6548*

February 20, 2026

**VIA ECF**

The Honorable Jamel K. Semper
United States District Judge
United States District Court
Martin Luther King, Jr. Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *United States v. Jayson Setera*, Crim. No. 25-802

Dear Judge Semper:

As Your Honor is aware, trial in this matter is scheduled to commence on March 9, 2026. *See* ECF Nos. 16 & 28. On February 20, 2026, ***little more than two weeks before trial,*** the Government became aware of Defendant's request to obtain new counsel. This is Defendant's second such request; his first was made *less than six months* ago. *See* ECF No. 11.[1] The Government notes that the Defendant has not raised a single objection to current counsel's performance since he was appointed nearly six months ago. *See* ECF No. 13. But on the eve of trial, Defendant has apparently now decided that he is unsatisfied with his representation. The Court should reject this eleventh hour delay tactic. The Government submits this letter to more fully set forth its position.

As set forth further below, the Court should summarily deny Defendant's eve-of-trial request for new counsel because, based on the information available, "good cause" does not exist, and the appointment of substitute counsel at this late hour will delay trial and subvert the administration of justice. In the alternative, the Government requests that the Court address this issue at the forthcoming final pretrial conference on February 27, or sooner if the Court's schedule allows.

[1] The Court granted Defendant's request for new counsel after Defendant voiced concerns that his prior counsel "may not be working in his best interests" and believed that "there has been a breakdown in [their] communication." *See* Letter Order, ECF No. 12 (Sept. 26, 2025).

## Risk of Prejudice to Justice is High

As an initial matter, this relatively straightforward matter involves conduct that is more than two years old. *See* ECF No. 15 (charging conduct from January 22, 2024). The case itself is already a year old, *see* ECF No. 1 (Complaint filed on February 4, 2025), and trial preparation is well underway. Indeed, pretrial motions and motions *in limine* were filed earlier this week. *See* ECF Nos. 29-31. The Speedy Trial Act requires that trials be brought swiftly, 18 U.S.C. § 3161(c)(1), and for good reason: as the Supreme Court has recognized, swift trials ensure deterrence, *see Zedner v. United States*, 547 U.S. 489, 500 (2006), and delays can impact the integrity of the truth-seeking process; memories, for example, can fade. *See Betterman v. Montana*, 578 U.S. 437, 444-45 (2016); *Doggett v. United States*, 505 U.S. 647, 654 (1992).

Moreover, eve-of-trial requests for new counsel run the risk of disrupting "the efficient administration of criminal justice." *United States v. Irvin*, 429 F. App'x 182, 187 (3d Cir. 2011). Such requests also prejudice "the rights of other defendants awaiting trial." *United States v. Kronick*, 2024 WL 3199980, at *5 (D.N.J. June 27, 2024) (Wigenton, J.) (quoting *United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982)). "[I]mportantly, a district court 'has discretion to deny a request for a continuance if made in bad faith, for purposes of delay or to subvert judicial proceedings.'" *Id.* (quoting *United States v. Goldberg*, 67 F.3d 1092, 1098) (3d Cir. 1995)). With only *weeks* left before trial, this Court will not be able to re-schedule another trial for a defendant who has been awaiting his turn in Court. Indeed, to permit a defendant new counsel every time there is minor dissatisfaction would gut the efficiencies of our justice system and the system under which counsel is appointed by the court.

## Good Cause Is a High Bar Which Likely Does Not Exist

For these reasons, the Third Circuit mandates a stringent framework under which courts should assess a defendant's eve-of-trial request for new counsel. In short, the Third Circuit requires courts to make an inquiry as to the reasons behind the request for new counsel. *United States v. McNeil*, 561 F. App'x 162, 164 (3d. Cir. 2014). After such inquiry, the Court should ***only*** grant a last-minute request for new counsel if a defendant is able to "demonstrate 'good cause,' such as 'a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney.'" *Id.* (quoting *Welty*, 674 F.2d at 188).

For any reasons short of good cause—including (i) a "disagreement with his counsel's legal strategies," *McNeil*, 561 F. App'x at 165-66; (ii) an alleged "lack of enthusiasm" about a case, *Government of Virgin Islands v. James*, 934 F.2d 468, 471 (3d Cir. 1991); or (iii) a defendant's subjective belief that his "counsel is quite inadequate," *id.*—the request for new counsel ***must*** be denied.

In this case, the Government is aware of no information which would give rise to "good cause" justifying substitution of counsel at this late hour. Consistent with Third Circuit jurisprudence summarized above, for example, Defendant's (1) disagreement with defense counsel's legal strategy as to the filing motions (particularly where such motions would be frivolous or irrelevant), (2) Defendant's dissatisfaction with his detention status in being separated from his family, and (3) Defendant's general frustration with how his case is proceeding is simply not a sufficient basis on which this Court should grant Defendant's request. The Court ***must*** find that something more than that.

## Conclusion

Because Defendant has not come close to showing good cause, in light of the age of this case, the Court's prior indulgence of Defendant's request for new counsel, the imminence of trial, and the risk of prejudice to the administration of justice and to the Government's case, the Government respectfully submits that this Court deny Defendant's eve-of-trial request for new counsel.[2]

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

By: */s/ Robert Toll*
ROBERT L. TOLL
MATTHEW SPECHT
Assistant United States Attorneys

---

[2] Following the inquiry into the reasons behind the request for new counsel, "if the court determines that good cause for substitution of counsel does not exist, the defendant then is left with the choice of continuing with existing counsel or proceeding to trial pro se." *James*, 934 F.2d at 470 (quotations omitted).