**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA

v.

JAYSON SETERA

CR. NO. 25-802 (JKS)

---

**MEMORANDUM IN SUPPORT OF DEFENDANT JAYSON SETERA'S RULE 29 MOTION**

---

**MURPHY ORLANDO LLC**
Tyler Newman, Esq.
494 Broad Street; 5th Floor
Newark, NJ 07102
201.451.5000
tnewman@murphyorlando.com
molwig@murphyorlando.com
*Attorneys for Jayson Setera*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

Background/Procedural History ........ 1

Legal Standard/Introduction for R. 29 ........ 1

Counts One and Two – Unlawful Possession and Transportation of Child Pornography ........ 2

CONCLUSION ........ 3

# TABLE OF AUTHORITIES

## Federal Statutes and Rules

Fed. R. Crim. P. 29 .......... *passim*

## **Background/Procedural History**

On December 19, 2025, a two-count Indictment was returned against Jayson Setera. [Dkt. 15]. Count One alleged the unlawful possession of child pornography, and Count Two alleged the unlawful transportation of child pornography, to which Mr. Setera pleaded not guilty. On March 27, 2026, a Superseding Indictment was returned against Mr. Setera, containing the same facts and Counts as the original Indictment. [Dkt. 47].

From April 13, 2026, through April 15, 2026, the Honorable Jamel K. Semper presided over a jury trial. Following the close of the Government's case against Mr. Setera, Mr. Setera moved via oral motion for a judgment of acquittal. [April 14, 2026, Tr. at 168:16-169:22]. The Court denied Mr. Setera's motion. [Id. at 171:7-172:10]. On April 15, 2026, the jury returned a verdict of guilty on Counts One and Two of the Superseding Indictment.

Mr. Setera now renews his motion pursuant to Fed. R. Crim. P. 29 for a judgment of acquittal.

## **Legal Standard/Introduction for R. 29**

Pursuant to R. 29(c)(2), if the jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal" of any offense "for which the evidence is insufficient to sustain a conviction." *See* R. 29(a).

Here, the Court should exercise this power to enter an acquittal in regards to Counts One and Two as the Government failed to present sufficient evidence to satisfy the elements of the aforementioned charges. Namely, the Government failed to present evidence that Mr. Setera **knowingly** possessed and transported child pornography upon entering the United States on January 22, 2024. Rather, if anything, the evidence presented indicated that Mr. Setera unknowingly possessed that contraband, if any. Because the requisite state of mind was not

established, the charged offense cannot be sustained, and an acquittal must be entered as to Counts One and Two.

**Counts One and Two – Unlawful Possession and Transportation of Child Pornography**

The evidence presented by the Government via the Homeland Security Investigations ("HSI") and Customs and Border Protection ("CBP") agents and offers does not establish beyond a reasonable doubt that Mr. Setera **knowingly** possessed and/or transported child pornography on January 22, 2024. Indeed, the testimony of the Government's own witnesses raised serious doubts that the child pornography located on a device merely registered to Setera (a) was knowingly possessed by Setera; (b) was knowingly solicited or downloaded by Setera; and (c) that Setera was the individual physically using the cellular device to solicit, download, or save child pornography:

- No evidence was presented that Setera was the individual physically sending the alleged messages to "Cammy." [April 14, 2026, Tr. at 82:7-24].
- No evidence was presented that was the individual searching for child pornography on the internet. [*Id.* at 83:8-21].
- Agents did not even ask Mr. Setera about his web search history or other individuals with a access to his devices during the EWR interview. [*Id.* at 85:19-86:2].
- Nor did agents ask Setera if he lived with a roommate or family member – individuals who could have accessed his devices. [*Id.* at 86:5-9].
- And despite acknowledging that third parties could access someone's – here, Setera's – cellular device or iCloud account, agents did not recall even asking him whether he was concerned that third-parties may have accessed his devices or accounts. [*Id.* at 87:10-88:11].
- Agent Cooper admittedly did not ask Setera whether there was contraband on his phone or concerning the TECS lookout that formed the basis of the stop. [*Id.* at 107:19-108:3].
- The forensic image report did not reveal who physically used the phone, who sent the messages on the phone, who took the photos on the phone, nor whether a third party other than Setera used or accessed the phone. [*Id.* at 164-165].

Accordingly, given the insufficiency of evidence concerning Setera's mental state, and since the Government was unable to present evidence that Setera was the individual who actually accessed, solicited or downloaded the alleged child pornography, the Court should set aside the guilty verdict on Counts One and Two and enter a judgment of acquittal as to these Counts.[1]

## CONCLUSION

For the reasons set forth above, Mr. Setera's motion for a judgment of acquittal should be granted because no reasonable jury could have found, beyond a reasonable doubt, that Setera **knowingly** possessed and transported child pornography on January 22, 2024.

Respectfully Submitted

**MURPHY ORLANDO LLC**

By: ______________________
Tyler Newman, Esq.
*Attorneys for Jayson Setera*

[1] The omission of a pretrial ruling or ruling during trial from this motion as a basis for a new trial or a judgment of acquittal is not a waiver of Mr. Setera's right to appeal any such ruling on appeal in the event this motion is denied.